## A. RAIMY'S ADMR. v. HENRY WILLIS, ET AL.

**Partnership—Settlement—Conclusive as to Anterior Transactions.**

In the absence of fraud or mistake in a settlement made by partners themselves, and not waived or abandoned by them, a court of equity will commence with it, in proceeding to state an account between them, and regard it as conclusive of all antecedent transactions appearing to have been embraced therein.

APPEAL FROM MERCER CIRCUIT COURT.

June 3, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

Alexander Raimy and Samuel Willis were partners in buying, feeding and selling cattle in 1862, and in the fall of that year they both joined the Confederate army and left this State, leaving in the control of Henry C. Willis, as their agent about 32 head of cattle, which they had purchased from different persons, several months before, and in December, 1862, H. C. Willis sold the cattle at auction in the City of Lexington for about $746.15.

Raimy died shortly afterwards; and George W. Raimy having become his administrator, prosecuted this suit against H. C. Willis and Samuel Willis, who had become a non-resident of the State, to recover against H. C. Willis one half of the proceeds of the cattle sold by him.

Samuel Willis was only constructively before the court, but the other defendant, who claimed to have been jointly interested with him, controverted the plaintiff's claim, and setting up various payments, as made by himself and Samuel Willis, for the firm, alleged that a balance was due to him from the estate of Alexander Raimy, deceased.

After a reference to a commissioner, who reported a balance as due to Samuel and Henry Willis from the estate of Raimy of $123.62 1-2, the court upon exceptions to the commissioner's report, rendered a judgment in favor of the defendants jointly against the plaintiff, as administrator, for $48.62, from which

vol. 4—16

this appeal is prosecuted by Raimy's administrator, and the appellees have prayed a cross appeal.

While it appears that H. C. Willis rendered services and made payments for the firm of Raimy and Willis for which he should be credited, the allegations made in his answer, to the effect that he was a member of the firm, was not proved, but waiving this and also the irregularity of rendering a personal judgment in favor of Samuel Willis, who was not actually before the court, the judgment is deemed erroneous and must be reversed on another ground.

It conclusively appears that about the 12th of July, 1862, and after the purchase of the cattle sold by H. C. Willis, and the payment of several sums of money, embraced by the commissioner's report, on which the judgment is based, said Alexander Raimy and Samuel Willis made a settlement of their respective accounts, connected with the partnership, which resulted, as they announced, in the finding of a balance of only $5, as due from one of them to the other.

It is a well settled rule that in the absence of fraud or mistake in a settlement made by partners themselves, and where such settlement has not been waived or abandoned by them, a court of equity will commence with it, in proceeding to state the account between them, and regard it as conclusive of all antecedent transactions appearing to have been embraced by it. *(Hauvre v. Calmisnil, 1, J. J. Marshall, 506; Story on Partnership, Sec. 349.)*

Although the settlement as proved, may have embraced previous partnership transactions, we are of opinion from the evidence, that it included the claims of the partners for all payments theretofore made for cattle, or on partnership account, and that in determining what balance, if any, was due to Raimy's estate from H. C. Willis, or from it to him, he should have been charged with the amount received by him, and credited by the amount of his services and payments for the firm of Raimy and Willis, as between him, and them jointly, and as the plaintiff can only receive any balance due the estate of his intestate, the court should also, adopting said settlement as a basis, ascertain the respective interests of Raimy's estate and Samuel Willis, in the balance, if any, in the hands of H. C. Willis, and adjudge as between the plaintiff and H. C. Willis, excluding the interest

of Samuel Willis, as to which no judgment should be rendered.

It is deemed unnecessary to notice the details of the report and judgment further, except as to the sale of three head of cattle made by Samuel Willis for Confederate currency. If this was not adjusted in the settlement, Willis should not be held accountable for the real value of the cattle, but only for the value of the currency he received, it not appearing that Raimy did not sanction the sale, and the place of the contract having been at the time within the military lines of the Confederate States.

Wherefore the judgment is reversed and the cause remanded for furthr proceedings and a judgment in conformity to the principles of this opinion.

*Polk, for appellant.*

*Kyle, for appellees.*